**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GEUSER GUALBERTO MANZOR BHOR,
AQUILES FLORES DURAN, DIONICIO
FLORES DURAN

                *Plaintiffs*,

      -against-

EAGLE ROOFING CONTRACTOR INC.,
EAGLE REMODELING GC INC, EAGLE
REMODELING, INC, LUIS E. LOBOS,
MARCO IGNACIO LOBOS LOPEZ A/K/A
HECTOR, and ROSA MARIA ORANTES
QUINTANILLA

                *Defendants.*

-------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**
**JURY TRIAL DEMANDED**

Geuser Gualberto Manzor Bhor ("Plaintiff Manzor Bhor"), Flores Duran ("Plaintiff Flores Duran"), Dionicio Flores Duran ("Plaintiff Flores Duran") (collectively, "Plaintiffs"), by and through their attorneys, Law Offices of Colin Mulholland and Naydenskiy Law Firm, LLC, upon their own respective knowledge and belief, and as against Eagle Roofing Contractor Inc., Eagle Remodeling GC Inc, Eagle Remodeling, Inc, Luis E. Lobos, MARCO IGNACIO LOBOS LOPEZ a/k/a Hector, and Rosa Maria Orantes Quintanilla (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiffs are former employees of Eagle Roofing Contractor Inc., Eagle Remodeling GC Inc, Eagle Remodeling, Inc, Luis E. Lobos, MARCO IGNACIO LOBOS LOPEZ a/k/a Hector, and Rosa Maria Orantes Quintanilla at 805 Udall Rd West Islip, NY 11795.

2.    Defendants own(ed), operate(d), and/or control(ed) Roofing/Construction Companies located at 805 Udall Rd West Islip, NY 11795.

1

3.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours they worked each week over 40 hours.

4.     Further, Defendants failed to provide Plaintiffs with the proper wage notices and statements under the New York Labor Laws.

5.     Plaintiffs now bring this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

8.     Plaintiff Geuser Gualberto Manzor Bhor was employed by Defendants at their Roofing/Construction Companies owned and operated by Defendants from approximately 2023 through approximately April 2024.

9.    Plaintiff Aquiles Flores Duran was employed by Defendants at their Roofing/Construction Companies owned and operated by Defendants from approximately February 2017 through approximately April 2024.

10.    Plaintiff Dionicio Flores Duran was employed by Defendants at their Roofing/Construction Companies owned and operated by Defendants from approximately 2018 through approximately February 2024

11.    Plaintiffs consent to being party Plaintiff pursuant to 29 U.S.C. § 216(b).

12.    Eagle Roofing Contractor Inc. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 805 Udall Rd West Islip, NY 11795.

13.    Eagle Remodeling GC Inc is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 805 Udall Rd West Islip, NY 11795.

14.    Eagle Remodeling, Inc. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 805 Udall Rd West Islip, NY 11795.

15.    Defendant Luis E. Lobos is being sued individually in his/her capacity as owner, officer and/or agent of Defendant Eagle Roofing Contractor Inc.

16.    Defendant Luis E. Lobos had the power to hire and fire Plaintiffs and other employees of the Defendants.

17.    Defendant MARCO IGNACIO LOBOS LOPEZ a/k/a Hector is an individual engaging (or who was engaged) in business in this judicial district during the relevant time

3

period. Defendant MARCO IGNACIO LOBOS LOPEZ a/k/a Hector is being sued individually in his/her capacity as owner, officer and/or agent of Defendant Corporations.

18.    Defendant MARCO IGNACIO LOBOS LOPEZ a/k/a Hector is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rosa Maria Orantes Quintanilla is being sued individually in his/her capacity as owner, officer and/or agent of Defendant Corporations.

19.    Defendant MARCO IGNACIO LOBOS LOPEZ a/k/a Hector possessed substantial control over Plaintiffs' working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of the Plaintiffs.

20.    Defendant MARCO IGNACIO LOBOS LOPEZ a/k/a Hector had the power to hire and fire Plaintiffs and other employees of the Defendants.

21.    Defendant MARCO IGNACIO LOBOS LOPEZ a/k/a Hector had the authority to set Plaintiffs' schedules.

22.    Defendant Rosa Maria Orantes Quintanilla had the power to hire and fire Plaintiffs and other employees of the Defendants.

23.    Defendant Rosa Maria Orantes Quintanilla issued  Plaintiffs their paycheck and was present on a daily basis to order Plaintiffs in their assignments.

24.    Each Defendant Corporation is a closely held corporation owned and controlled by Defendants and their family. Defendants MARCO IGNACIO LOBOS LOPEZ a/k/a Hector and his wife Defendant ROSA MARIA ORANTES QUINTANILLA operated the business together and directed the Plaintiffs in their tasks.

4

25.     Defendants are associated and joint employers, act in the interest of each other with respect to the same construction projects and freely interchange employees and materials at the convenience of the Defendants.

26.     Defendants share common operations, common promotional materials and acted jointly in the operations of the construction companies.

27.     Each Defendant possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

28.     Defendants jointly employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq.* and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff.

30.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

31.     In each year from 2020 to 2024, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

32.     Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiff and Defendants' other employees handled and purchased for the tools and supplies that originated out of state.

33.     Plaintiffs were individually engaged in commerce.

34.     Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq.* and the NYLL.

35.     In the alternative, Defendants constitute a single employer of the Plaintiffs.

5

36.     At all relevant times, Defendants were Plaintiffs' *employer* within the meaning of the FLSA and New York Labor Law.

37.     Defendants have/had a gross annual volume of revenue individually and combined of not less than $500,000.

**NOTICE PURSUANT TO**
**N.Y. BUSINESS CORPORATION LAW §§ 624 & 630**

38.     Plaintiffs hereby demand, pursuant to N.Y. Business Corporation Law § 624(b), the opportunity to examine Defendant Eagle Roofing Contractor Inc., Eagle Remodeling GC Inc, and Eagle Remodeling, Inc books and record(s) containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

39.     Pursuant to N.Y. Business Corporation Law § 630, Plaintiff hereby gives notice to the ten largest shareholders of Defendant Eagle Roofing Contractor Inc., Eagle Remodeling GC Inc, and Eagle Remodeling with the largest ownership interest, as determined as of the beginning of the period during which the unpaid services alleged in this action were performed, that Plaintiff intends to hold them liable jointly and severally and personally liable for all unpaid debts, wages and salaries owed to Plaintiffs.

Geuser Gualberto Manzor Bhor

40.     Defendants employed Plaintiff Geuser Gualberto Manzor Bhor as a construction worker.

6

41. Plaintiff Geuser Gualberto Manzor Bhor's work was supervised and his/her duties required neither discretion nor independent judgment.

42. Plaintiff Geuser Gualberto Manzor Bhor regularly worked in excess of 40 hours per week.

43. Plaintiff Geuser Gualberto Manzor Bhor worked 6 days per week, Mondays through Saturdays 5 AM to 8 PM.

44. Additionally, during the summer three months, Plaintiff Geuser Gualberto Manzor Bhor worked every Sunday 5 AM to between 8 PM-11PM.

45. During the non-summer months, Plaintiff Geuser Gualberto Manzor Bhor worked 1-2 Sundays per month 5 AM to 8 PM.

46. From approximately 2023 to April 2024, Defendants paid Plaintiff Geuser Gualberto Manzor Bhor $275 per day.

47. No proper notification was given to Plaintiff Geuser Gualberto Manzor Bhor regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

48. Defendants never provided Plaintiff Geuser Gualberto Manzor Bhorwith each payment of wages a proper statement of wages, as required by NYLL 195(3).

49. Defendants failed to provided Plaintiff Geuser Gualberto Manzor Bhor all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

Aquiles Flores Duran

50. Defendants employed Plaintiff Aquiles Flores Duran as a Roofer.

7

51.     Plaintiff Aquiles Flores Duran's work was supervised and his/her duties required neither discretion nor independent judgment.

52.     Plaintiff Aquiles Flores Duran regularly worked in excess of 40 hours per week.

53.     From approximately February 2017 to December 2023, Plaintiff Aquiles Flores Duran worked three weeks per month he worked 7 days and one week per month he worked 6 days. Within the above 6/7 days per week, approximately 2 days every month were half days.

54.     Defendants assigned Plaintiff Aquiles Flores Duran, and Plaintiff Aquiles Flores Duran worked, 5 AM to 11 PM except half days were from 5 AM to between 2PM and 3PM.

55.     From approximately February 2017 to December 2023, Defendants paid Plaintiff Aquiles Flores Duran $300 per day when he worked a full day and $150 per day for half a day.

56.     No proper notification was given to Plaintiff Aquiles Flores Duran regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

57.     Defendants never provided Plaintiff Aquiles Flores Duranwith each payment of wages a proper statement of wages, as required by NYLL 195(3).

58.     Defendants failed to provided Plaintiff Aquiles Flores Duran all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

Dionicio Flores Duran

8

59.    Defendants employed Plaintiff Dionicio Flores Duran as a Roofer.

60.    Plaintiff Dionicio Flores Duran's work was supervised and his/her duties required neither discretion nor independent judgment.

61.    Plaintiff Dionicio Flores Duran regularly worked in excess of 40 hours per week.

62.    From approximately 2018 to February 2024, Plaintiff Dionicio Flores Duran worked 6 days per week. The Plaintiff worked 6 AM until between 8 PM or 9 PM.

63.    From approximately 2018 to February 2024, Defendants paid Plaintiff Dionicio Flores Duran $250 per day for the first 3 months of his employment, then $300 per day.

64.    No proper notification was given to Plaintiff Dionicio Flores Duran regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

65.    Defendants never provided Plaintiff Dionicio Flores Duranwith each payment of wages a proper statement of wages, as required by NYLL 195(3).

66.    Defendants failed to provided Plaintiff Dionicio Flores Duran all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

### FIRST  CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

68.    Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

9

69.    Defendant's failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

70.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND  CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

71.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

72.    Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

73.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

74.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD  CAUSE OF ACTION
## VIOLATION OF THE NOTICE
## REQUIREMENT OF THE NEW YORK LABOR LAW

75.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

76.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the

10

employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

77. Defendants failure to provide Plaintiffs with a written notice resulted in Plaintiffs working for years without knowledge of their correct pay frequency and overtime rate.

78. Because Plaintiffs did not receive required information in the form of a notice containing their correct overtime rate Defendant, was able to pay them without proper overtime premium.

79. Plaintiffs didn't know they were supposed to be paid overtime. Accordingly, they lost out on the ability to advocate for it and be paid according to the law's requirements.

80. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiffs worked and to avoid paying the overtime wage.

81. Plaintiffs were denied their ability to proper document their hours worked and pay received and their ability to document their income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

82. Plaintiffs have also been denied the ability to properly document their employment and income history.

83. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

84. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

11

85. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

86. Defendants failure to provide Plaintiffs with proper wage statements resulted in Plaintiffs working for years without knowledge of their correct overtime rate.

87. Because Plaintiffs did not receive required information in the wage statements containing their correct overtime rate, Defendant was able to pay them without proper overtime premium.

88. Plaintiffs didn't know they were supposed to be paid overtime. Accordingly, they lost out on the ability to advocate for it and be paid according to the law's requirements.

89. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiffs worked and to avoid paying the overtime wage.

90. Plaintiffs were denied their ability to proper document their hours worked and pay received and their ability to document their income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

91. Plaintiffs have also been denied the ability to properly document their employment and income history.

92.     Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to the Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to the Plaintiffs;

(d) Awarding the Plaintiffs damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding the Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to the Plaintiffs;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York

13

Commission of Labor as to the Plaintiffs;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to the Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendant's violations of the New York Labor Law were willful as to the Plaintiffs;

(j) Enjoining Defendants from future violations of the NYLL;

(k) Awarding the Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding the Plaintiffs damages for Defendants' violation of the NYLL notice and wage statement provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding the Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding the Plaintiffs pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Sep 23, 2024

By:    */s/ Colin Mulholland*

Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019

*/s/ Gennadiy Naydenskiy*

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiffs*